**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4520**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES MARIO HARRISON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville. Henry F. Floyd, District Judge.
(6:06-cr-00998-HFF-8)

———————

Submitted: December 28, 2007      Decided: January 10, 2008

———————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Falkner Wilkes, Greenville, South Carolina, for Appellant.
Reginald I. Lloyd, United States Attorney, Leesa Washington,
Assistant United States Attorney, Greenville, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Mario Harrison appeals his 220-month sentence imposed upon his guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine. He argues that the district court improperly assessed criminal history points for two prior convictions. Finding no error, we affirm.

On appeal, Harrison challenges the assessment of criminal history points as he did at sentencing; however, his challenge rests on an entirely different basis than his objection below. Furthermore, Harrison challenges a criminal history point based on his 2003 habitual traffic offender conviction, to which he did not object below. Because Harrison raises issues for the first time on appeal, this court's review is for plain error. See United States v. White, 405 F.3d 208, 215 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). To establish plain error, Harrison must show that an error occurred, that it was plain, and that it affected his substantial rights. Id.

Under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(c) (2006), all felony and misdemeanor offenses are counted for purposes of calculating criminal history, except § 4A1.2(c)(1) lists certain misdemeanor offenses counted only if the sentence is a term of probation of at least one year or a term of imprisonment of at least thirty days, and § 4A1.2(c)(2) lists a smaller number of misdemeanor and petty offenses that are never counted. Although

- 2 -

Harrison asserts that his 2002 conviction for driving under suspension was not countable because it is a listed exception under § 4A1.2(c)(1) and no sentence or probation was imposed, nothing in the record suggests that Harrison was assessed a criminal history point based on the driving under suspension conviction. Harrison had two convictions for which he was sentenced on July 17, 2002, and received a total of one criminal history point. Harrison was properly assessed a criminal history point for his 2002 conviction for carrying a concealed weapon, an offense that is not listed as an exception under § 4A1.2(c)(1) or (c)(2).

Harrison also argues that the court erred in applying one criminal history point for his 2003 habitual traffic offender conviction because the offense of habitual traffic offender is similar to driving under suspension, an offense listed as an exception under § 4A1.2(c)(1), and the record does not establish that actual imprisonment was ordered. However, all felony offenses are included in the calculation of criminal history. USSG § 4A1.2(c). A "felony offense" for sentencing purposes includes any federal, state or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed. USSG § 4A1.2(o). Harrison's South Carolina law habitual traffic offender conviction was punishable by a term of imprisonment exceeding one year and is therefore a felony conviction under the guidelines. See S.C. Ann. Code § 56-1-1100.

Concluding the district court committed no error, plain or otherwise, we affirm Harrison's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED