# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1149

———————

United States of America,       \*

       \*

     Plaintiff - Appellee,     \*

       \*   Appeal from the United States

     v.                \*   District Court for the

       \*   Southern District of Iowa.

Bobby Littrell, Jr.,       \*

       \*

     Defendant - Appellant.     \*

———————

Submitted: September 23, 2008
Filed: February 23, 2009

———————

Before LOKEN, Chief Judge, WOLLMAN and SMITH, Circuit Judges.

———————

LOKEN, Chief Judge.

Bobby Littrell, Jr., appeals the 120-month sentence imposed after a jury convicted him of being a felon in possession of a firearm. He argues the district court[1] erred in applying a four-level enhancement because he used the firearm "in connection with another felony offense," namely, theft of his landlady's car. See U.S.S.G. § 2K2.1(b)(6). Finding no clear error, we affirm.

—————————————————

[1]The HONORABLE JAMES E. GRITZNER, United States District Judge for the Southern District of Iowa.

Early on the morning of August 2, 2006, Littrell argued with his landlady, Melissa Stout, at her home in West Des Moines, where Littrell had been renting a room for about two months. When Stout reminded Littrell that he owed her more than $1,000 in rent and other debts, Littrell went to his bedroom, returned with a hard-sided case, and pulled a firearm. Littrell pointed the gun at Stout and threatened to kill her, then fired a bullet into the living room ceiling and out the roof. Littrell and his girlfriend, Chrissy Highland, went to his bedroom and packed his belongings in pillowcases and sheets. Littrell went to the basement and cut the phone lines and threatened to kill Stout if she left the house. Some two or three hours after firing the shot, Littrell left with Highland in Stout's car. Stout called the police from the home of a friend. Five days later, the police recovered the damaged car outside a store in Des Moines about four miles from Stout's home. Store employees told the police that the car had been there for several days.

After the trial and conviction, Littrell objected to the presentence investigation report's recommendation of a four-level enhancement under § 2K2.1(b)(6)[2] because he used the firearm in connection with another felony offense, theft of Stout's car. At sentencing, neither party offered additional evidence on this issue. Littrell argued that the trial evidence failed to establish theft because Stout had frequently let him use her car while he was living with her, and failed to establish use of the gun to facilitate theft because of the lapse of time between the gun shot and Littrell leaving with the car. The district court imposed the four-level enhancement, finding that, on this occasion, Littrell took the car without Stout's consent after threatening her life and firing the weapon. This resulted in an advisory guidelines range of 100 to 125 months. The district court sentenced Littrell to 120 months in prison, the statutory maximum under 18 U.S.C. § 924(a)(2), citing factors including the need for public safety.

---

[2]This enhancement was moved from § 2K2.1(b)(5) to § 2K2.1(b)(6) on November 1, 2006, without substantive change.

Littrell appeals the four-level enhancement. In applying § 2K2.1(b)(6) when the defendant has not been convicted of another state or federal felony offense, the district court must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm "facilitated" that other felony. U.S.S.G. § 2K2.1 cmt. n.14(A); see United States v. Smart, 501 F.3d 862, 867 (8th Cir. 2007), cert. denied, 128 S. Ct. 1258 (2008); United States v. Mack, 343 F.3d 929, 936 (8th Cir. 2003), cert. denied, 540 U.S. 1226 (2004).

The Iowa criminal code includes two theft offenses that are relevant to this issue. Iowa Code § 714.1(1) provides that a person commits theft when he takes possession of another's property "with the intent to deprive the other thereof." Theft of a motor vehicle is always a felony. § 714.2(2). To establish a violation of § 714.1(1), the prosecution must prove intent to permanently deprive the owner of her property. State v. Schminkey, 597 N.W.2d 785, 789 (Iowa 1999). On the other hand, a person commits the lesser-included offense of Operating a Vehicle Without the Owner's Consent if he takes a car without permission but also without the intent to permanently deprive the owner of the vehicle. Iowa Code § 714.7. Whether a defendant intended to permanently deprive the owner of a stolen car can be a close question in a case like this, where Stout's car was abandoned by Littrell a few miles away and a relatively short time after he took it. Compare State v. McCarty, 2004 WL 894553, at *4-5 (Iowa App. Apr. 28, 2004), with State v. Morris, 2003 WL 22187286, at *2-3 (Iowa App. Sept. 24, 2003), aff'd, 677 N.W.2d 787 (Iowa 2004). However, though a violation of § 714.7, the lesser offense, is only an aggravated misdemeanor under Iowa law, it carries a maximum punishment of two years in prison and is therefore a "felony" for purposes of this federal sentencing enhancement. See Iowa Code § 903.1(2); U.S.S.G. § 2K2.1 cmt. n.14(C). Therefore, the district court did not need to find that Littrell intended to permanently deprive Stout of her car.

Littrell argues that the district court clearly erred in finding that he took Stout's car without her consent. Stout acknowledged at trial that she regularly allowed Littrell

to borrow her car and that Littrell had a key. Stout testified that she felt threatened when Littrell fired the gun and later told her not to leave the house, and that she instructed him to return the car by three o'clock that afternoon but did not expect him to do so. The district court found that Littrell's violent and threatening behavior negated any general consent he previously enjoyed. Accordingly, the court found that Littrell's conduct was "completely inconsistent with Ms. Stout consenting to provide him with . . . any vehicle at that point in time." Under Iowa law, "force or threat of force can negate [the] consent" of a property owner. State v. Durham, 196 N.W.2d 428, 430 (Iowa 1972). Here, the evidence at trial was clearly sufficient for the district court to find by a preponderance of the evidence that Littrell took Stout's car without her consent and therefore committed a felony theft offense under § 714.1 or § 714.7 of the Iowa Code.

Littrell also challenges the district court's finding that he possessed the firearm "in connection with" the motor vehicle theft. Though some time passed between the shooting incident and Littrell leaving with the car, the district court found that his use of the firearm to intimidate Stout facilitated the later theft. This finding is not clearly erroneous. Moreover, Highland testified at trial that Littrell took the firearm from Stout's house, drove in Stout's car to a friend's house, and brought the firearm into that house. "[A] defendant's maintenance of a firearm at an easily accessible location while in a stolen car permits the inference that the firearm emboldened the defendant to continue his illegal conduct." Mack, 343 F.3d at 936.

The district court did not clearly err in finding that Littrell possessed the firearm "in connection with" another felony offense, motor vehicle theft. The judgment of the district court is affirmed.

_____

-4-