# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2686

_____

United States of America,

        Appellee,

v.

Troy Edison Phillips,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Southern
\*   District of Iowa.
\*
\*   [PUBLISHED]
\*

_____

Submitted: February 17, 2011
Filed: March 11, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Troy Phillips pled guilty to one count of conspiracy to distribute in excess of 100 kilograms of marijuana, a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 846. Pursuant to a plea agreement, the parties stipulated to a drug quantity of between 100 and 400 kilograms of marijuana and a base offense level of 26. *See* U.S.S.G. § 2D1.1(c)(7). The Presentence Investigation Report ("PSR") recommended a two-level upward adjustment for obstruction of justice and a three-level downward adjustment for acceptance of responsibility for a total offense level of 25.

The PSR reported that in 2001 Phillips was convicted of "driving while barred" in violation of Iowa Code § 321.561. The PSR attributed one criminal history point to Phillips based on this conviction, which, when combined with a criminal history point attributable to a 2000 Iowa conviction for driving while intoxicated, gave Phillips a total of two criminal history points. Phillips filed an objection to the scoring of a criminal history point based on the conviction for driving while barred, which the district court[1] overruled. Because Phillips had a resulting criminal history category of II, the court determined that he was ineligible for safety-valve relief, *see* 18 U.S.C. § 3553(f)(1) (providing that the court is bound by the applicable statutory minimum sentence where the defendant has more than one criminal history point); U.S.S.G. § 5C1.2(a)(1), and sentenced him to the mandatory minimum of 60 months' imprisonment, *see* 21 U.S.C. § 841(b)(1)(B) (prescribing a mandatory minimum sentence of 5 years' imprisonment for violations of § 841(a) involving 100 or more kilograms of marijuana).

Phillips argues that the district court erroneously considered his conviction for driving while barred in calculating his criminal history points.[2] According to Phillips, the offense is a misdemeanor of a type exempted under U.S.S.G. § 4A1.2(c)(1). In its response brief, the Government counters that, although a misdemeanor, Phillips's conviction for driving while barred is not "similar to" any of the exempted offenses listed in § 4A1.2(c)(1) and, accordingly, that the district court properly included the conviction in the criminal history calculation.

---

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

[2] It is undisputed that the district court properly assigned Phillips one criminal history point based on his 2000 conviction for driving while intoxicated. *See* U.S.S.G. § 4A1.2, comment. (n.5) ("Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted.").

The parties' characterization of their dispute favors trees to the exclusion of a much simpler forest—as the Government belatedly pointed out in a letter filed pursuant to Fed. R. App. P. 28(j). Under the advisory guidelines, the crime of driving while barred is considered a felony offense, not a misdemeanor. A "felony offense" for sentencing purposes includes any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed.[3] § 4A1.2(o). And, unlike misdemeanors, *all* felony offenses are included in the calculation of a defendant's criminal history. § 4A1.2(c)(1).

Although Iowa Code § 321.561 classifies the offense of driving while barred as an "aggravated misdemeanor," the accompanying punishment under Iowa law is imprisonment for up to two years. Iowa Code § 903.1(2). Indeed, this court has confirmed, under similar circumstances, that a crime designated as an aggravated misdemeanor under Iowa law falls within the definition of a felony offense under the advisory guidelines. *United States v. Postley*, 449 F.3d 831, 832 (8th Cir. 2006); *cf. United States v. Harrison*, 261 F. App'x 499, 500 (4th Cir. 2008) (unpublished per curiam). We therefore reiterate that an Iowa conviction for an aggravated misdemeanor is treated as a felony offense for purposes of § 4A1.2(c). As a result, Phillips's conviction properly was included in calculating a criminal history category of II, and the district court did not err in determining that Phillips was ineligible for safety-valve relief.

For the foregoing reasons, the judgment of the district court is affirmed.

_____

---

[3] It is therefore irrelevant that Phillips's conviction for driving while barred earned him only a sixty-day sentence, suspended after seven days.