# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-2374

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Chad Kammerude, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 20, 2011
Filed: November 16, 2011

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Chad Kammerude entered a plea of guilty to the charge of conspiring to distribute 100 kilograms or more of marijuana within 1000 feet of a playground after having previously been convicted of a felony drug offense. The district court[1] sentenced Kammerude to 110-months' imprisonment, the bottom of the calculated Guidelines range. Kammerude appeals. We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We review interpretation of the Guidelines de novo and a district court's application of the Guidelines to the facts for clear error. United States v. Yarrington, 634 F.3d 440, 451 (8th Cir. 2011). As he did at sentencing, Kammerude challenges the imposition of one criminal history point under United States Sentencing Guidelines (U.S.S.G.) § 4A1.2(c), imposed because of a 2003 state conviction for "driving while barred, habitual offender," for which he was sentenced to two days in jail. Kammerude claims that it is possible that an offense can be a "felony" for purposes of § 4A1.2(o), yet also fall within the group of offenses excluded under § 4A1.2(c)(1), thus creating an ambiguity that requires resolution in his favor. The district court overruled the objection.

Section 4A1.2(c)(1) of the Guidelines discusses which sentences should be counted and excluded in the criminal history computation. It provides, in part:

> Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1)     Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>
> Careless of reckless driving . . .
> Driving without a license or with a revoked or suspended license . . . .

Section 4A1.2(o) defines the term "felony offense." It provides: "[f]or the purposes of § 4A1.2(c), a 'felony offense' means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed."

-2-

The "driving while barred" offense at issue here is called an "aggravated misdemeanor" in the Iowa Code but is punishable by up to two years' imprisonment. See Iowa Code §§ 321.561 & 903.1(2). Kammerude claims that herein lies the ambiguity–while § 4A1.2(c) states that sentences for all felony offenses are counted, a prior offense similar to driving with a revoked license is only counted if the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days. He claims this leads to conflicting results. However, our precedent settles the matter. We have previously determined that "an Iowa conviction for an aggravated misdemeanor is treated as a felony offense for purposes of § 4A1.2(c)." United States v. Phillips, 633 F.3d 1147, 1148 (8th Cir. 2011). "And, unlike misdemeanors, *all* felony offenses are included in the calculation of a defendant's criminal history." Id.; U.S.S.G. § 4A1.2(c)(1). We therefore agree with the district court's calculation.

Kammerude also claims that the district court failed to give its reasoning for adopting the government's suggested two-level reduction. Kammerude had a calculated Guidelines offense level of 28 with a criminal history category of V (130-162 months). The government moved under § 5K1.1 and 18 U.S.C. § 3553(e) for a two-level reduction based on Kammerude's substantial assistance. Kammerude advocated for an eight-level reduction for his cooperation. The district court heard from both sides on the issue and granted the government's motion, applying a two-level reduction. Accordingly, the calculated Guidelines sentence based on an offense level of 26 and a criminal history category of V was 110 to 137 months. Kammerude received a sentence of 110 months.

"[W]e will generally not review a decision not to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010) (quotation omitted), cert. denied, 131 S. Ct. 2164 (2011) . Kammerude does not directly challenge the *extent* of the downward departure here,

but rather seeks a remand so that the district court can "exercise appropriate discretion." Kammerude claims that the court "gave no reason" for its downward departure and he is thus unable to discern whether the district court actually exercised its discretion. However, not only does the sentencing colloquy belie this argument, critically lacking from Kammerude's argument regarding the departure is any allegation of an unconstitutional motive on the part of the district court, or any support for his claim that a particular level of specificity is required from the district court on this point. See United States v. Wisecarver, 644 F.3d 764, 774 (8th Cir. 2011) (reiterating that we presume that a district court has considered all facts and is aware of all arguments presented to it at sentencing), cert. denied, 2011 WL 4459826 (Oct. 31, 2011). We therefore affirm.

_____