# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1258
_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Scott Holm

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 16, 2014
Filed: March 21, 2014

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Bryan Scott Holm pleaded guilty to being a felon in possession of a firearm and ammunition. See 18 U.S.C. §§ 922(g)(1), 924(a)(2). The plea agreement included a stipulation, not binding on the court at sentencing, "that the firearm was not used in connection with another felony offense pursuant to U.S.S.G. § 2K2.1(b)(6)(B)." See Fed. R. Crim. P. 11(c)(1)(B). The Presentence Investigation Report ("PSR") nonetheless recommended that the court apply this four-level enhancement. At

sentencing, the district court[1] overruled Holm's timely objection to the recommended enhancement, determined that his advisory guidelines range is 84 to 105 months in prison, and sentenced Holm to 96 months in prison, the middle of that range. Holm appeals the sentence, arguing that the record does not support the § 2K2.1(b)(6)(B) enhancement.[2] We disagree and therefore affirm.

Section 2K2.1 of the Guidelines contains Offense Conduct provisions that apply to Holm's firearm possession offense. The four-level enhancement at issue applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." § 2K2.1(b)(6)(B). "In applying § 2K2.1(b)(6) when the defendant has not been convicted of another state or federal felony offense, the district court must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm 'facilitated' that other felony." United States v. Littrell, 557 F.3d 616, 617 (8th Cir. 2009). When the issue is whether the evidence supports these findings, we review the district court's determination for clear error. Id. at 617-618.

Paragraph 14 of Holm's PSR set forth the following offense conduct facts:

14. On May 21, 2012, LEO [law enforcement officers] executed a search warrant at Holm's residence . . . where they found [three firearms, ammunition, and drug paraphernalia] . . . . At the time of the search, Holm was not present. LEO located Holm driving and conducted a traffic stop. Upon searching Holm, LEO found a loaded .38 special HWM revolver in his waistband, ammunition, a stun gun in a case in his

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

[2]Holm does not and could not argue that the district court erred by investigating whether the plea agreement stipulation accurately reflected conduct relevant to a proper sentence. See United States v. DeWitt, 366 F.3d 667, 671 (8th Cir. 2004).

front coat pocket, a knife on a lanyard around his neck, a baggie of approximately one-half gram of methamphetamine, and two glass pipes.

Holm withdrew his initial objection to paragraph 14 prior to sentencing.

The methamphetamine found when Holm was searched on May 21, 2012, was evidence of a drug possession offense. For purposes of the § 2K2.1(b)(6)(B) enhancement, a firearm is possessed "in connection with" a drug possession felony if it "facilitated, or had the potential of facilitating" that other felony. § 2K2.1, comment. (n.14(A)). Applying this standard, we have repeatedly held: "when a drug user chooses to carry illegal drugs out into public with a firearm, an 'in connection with' finding 'will rarely be clearly erroneous.'" United States v. Sneed, 742 F.3d 341, 344 (8th Cir. 2014), quoting United States v. Fuentes Torres, 529 F.3d 825, 827 (8th Cir. 2008); see United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010); United States v. Regans, 125 F.3d 685, 687 (8th Cir. 1997), cert. denied, 523 U.S. 1065 (1998). At sentencing, the district court found "by a preponderance of the evidence that your possession of methamphetamine in the same car as your loaded .38 caliber handgun facilitated or had the potential to facilitate your meth possession, even this relatively small user amount." This finding was not clearly erroneous.

The remaining element that must be found to apply the § 2K2.1(b)(6)(B) enhancement -- that Holm's possession of a small user amount of methamphetamine was a *felony* offense -- is, in this case, a more complex issue. The Guidelines define "felony offense" as "any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year," regardless of the sentence imposed. U.S.S.G. § 4A1.2(o). Holm's possession of a user amount of methamphetamine was not a federal felony offense, see 21 U.S.C. § 844a(a), so this issue turns on state law. Iowa law prohibits the knowing or intentional possession of a user amount of a controlled substance such as methamphetamine (unless pursuant to a valid prescription). See Iowa Code §§ 124.401(5), 124.206(4)(b). The initial violation of § 124.401(5) is a

"serious misdemeanor." But an offender who has a prior conviction for violating an enumerated Iowa drug law[3] is guilty of an aggravated misdemeanor; if the offender has two such prior convictions, a violation of § 124.401(5) is a class "D" felony. A crime designated as an aggravated misdemeanor under Iowa law falls within the Guidelines definition of felony offense. United States v. Phillips, 633 F.3d 1147, 1148 (8th Cir. 2011); see Iowa Code § 903.1(2). Paragraphs 39 and 40 of the PSR, to which Holm did not object, recited that he was convicted of "Possession of Cocaine" in an Iowa District Court in 1994, and "Possession of Methamphetamine" in another Iowa District Court in 1995.

Holm objected to paragraph 23 of the PSR, which recommended the four-level § 2K2.1(b)(6)(B) enhancement. In response, the probation officer explained:

> On May 21, 2012, the defendant was arrested for the instant offense and was charged with Possession of a Controlled Substance, Third or Subsequent Offense, under Iowa Code 124.401(5)D. This case was dismissed in lieu of [this] federal prosecution. According to the Iowa Code under which the defendant was charged . . . . "[a] person who commits a violation of this subsection and who has previously been convicted of violating this chapter or chapter 124A, 124B, or 453B is guilty of an aggravated misdemeanor. A person who commits a violation of this subsection and has previously been convicted two or more times of violating [those chapters] is guilty of a class 'D' felony."

> \* \* \* \* \*

> . . . . The probation office further notes the defendant was originally charged in the state of Iowa with a class D felony charge in the state of Iowa for Possession of Methamphetamine as referenced above. Based

---

[3]Chapters 124, 124A, 124B, and 453B of the Iowa Code. Chapter 124 defines controlled substance offenses. Chapter 124A deals with imitation controlled substances, chapter 124B with precursor substances, and chapter 453B imposes an excise tax on unlawful dealing in controlled substances.

on these reasons the PSR will respectfully remain unchanged. The issue is unresolved.

At sentencing, the government advised that it would present no evidence regarding the recommended § 2K2.1(b)(6)(B) enhancement because it had stipulated in the plea agreement that the enhancement did not apply.[4] The district court then overruled Holm's objection to the PSR recommendation. Regarding this felony offense issue, the court concluded: "because you have been previously convicted on two or more occasions of possessions under Iowa law . . . your possession of methamphetamine on [May] 21st was a felony . . . [or] an aggravated misdemeanor under Iowa Code provision 124.401, and it's subparagraph 5." Holm then objected to the enhancement on three grounds, including that the government had not proved that his possession of methamphetamine "would have been a felony conviction." But he did not articulate what additional proof beyond the facts in the PSR was required.

On appeal, Holm fills in this blank, arguing the record is insufficient to establish that his methamphetamine possession was a felony offense under the Guidelines because paragraphs 39 and 40 of the PSR did not specify that those convictions were under chapters 124, 124A, 124B, or 453B of the Iowa Code. Absent that proof, he argues, a violation of Iowa Code § 124.401(5) is not an aggravated misdemeanor or felony under Iowa law, so it is not a "felony offense" under U.S.S.G. § 4A1.2(o), and the § 2K2.1(b)(6)(B) enhancement does not apply.

_____

[4]For this reason, on appeal the government takes no position regarding the district court's decision to apply the § 2K2.1(b)(6)(B) enhancement. As to this felony offense issue, the government's brief states: "it does not appear that the district court erred by concluding that Holm's possession of methamphetamine on May 2[1], 2012, qualified as either an aggravated misdemeanor or a class 'D' felony under Section 124.401(5) of the Iowa Code."

This argument overlooks the probation officer's reason for overruling Holm's objection to the recommended enhancement -- that a state prosecutor charged Holm with "Possession of a Controlled Substance, Third or Subsequent Offense" for the methamphetamine he possessed on May 21, 2012. Though that charge was dropped in favor of this federal prosecution, this was powerful, if not conclusive evidence that the prior drug offenses listed in Paragraphs 39 and 40 of the PSR were predicate offenses that would have made this third offense a class "D" felony, or at least an aggravated misdemeanor, under Iowa Code § 124.401(5).

If he disagreed with this inference the probation officer drew from the state court charge, Holm should have timely raised this issue in the district court, giving the probation officer and the court an opportunity to consult state court records which likely would have confirmed the bases of these prior Iowa convictions. Our extensive research has uncovered *no* Iowa case charging a methamphetamine possession offense under an Iowa Code chapter other than chapter 124, which strongly suggests that Holm did not pursue this issue at sentencing because it would have been futile to do so. In these circumstances, we conclude that the district court did not commit clear error, much less plain error,[5] in determining the probation officer correctly concluded that Holm's possession of methamphetamine on May 21, 2012, would have been a second or third offense under the predicate statutes enumerated in Iowa Code § 124.401(5).[6] Therefore, his simultaneous possession of methamphetamine

---

[5]"Preserving an issue is a matter of making a timely objection to the trial court and clearly stating the grounds for the objection, so that the trial court has an opportunity to prevent or correct the error in the first instance." United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993) (quotation omitted).

[6]In his reply brief, Holm speculates that his 1994 and 1995 convictions could "conceivably" have been for violating chapter 126, which prohibits adulteration, misbranding, and mislabeling of drugs, or chapter 155A, the Iowa Pharmacy Practice Act. We do not consider issues first raised in a reply brief, and it certainly was not plain error for the district court not to consider such far-fetched theories.

was "another felony offense" that was facilitated by his possession of the firearm, and the § 2K2.1(b)(6)(B) enhancement applies.

Having concluded the district court did not clearly err in finding that Holm possessed the firearm in connection with a felony methamphetamine possession offense, we need not consider the court's alternative basis for applying the § 2K2.1(b)(6)(B) enhancement -- that his discharge of a firearm the night before his May 21, 2012, arrest was a violation of Iowa Code 724.30 that is a felony offense under the Guidelines. See United States v. Smith, 422 F.3d 715, 722 (8th Cir. 2005), cert. denied, 546 U.S. 1127 (2006). Holm argues there was no proof that he discharged the gun intentionally or recklessly, correctly noting that the PSR stated the discharge was accidental.

Finally, Holm urges us to consider additional material not in the record on appeal under Federal Rule of Appellate Procedure 10(e). We previously denied Holm's Rule 10 motion, and he makes no showing that any of this material would affect our resolution of the only sentencing issue raised in this direct appeal. Accordingly, we decline to take up the Rule 10(e) issue.

The judgment of the district court is affirmed.

_____