# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1383

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice D. Jarvis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 11, 2016
Filed: February 25, 2016

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Maurice Dashon Jarvis pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals the district court's[1] application of a four-level sentencing enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

the firearm in connection with another felony offense. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

During a pat-down, police found a loaded gun and a bag of heroin (0.21 grams) in Jarvis's front pocket. The presentence investigation report recommended a four-level enhancement for possessing the firearm in connection with another felony. *See* **U.S.S.G. § 2K2.1(b)(6)(B)**. Jarvis argues that the district court (1) did not make the necessary factual findings to support the enhancement, and (2) had insufficient evidence for a finding he used the gun "in connection with" another felony.

This court reviews the district court's factual findings for clear error and its application of the sentencing guidelines de novo. **United States v. Blankenship**, 552 F.3d 703, 704 (8th Cir. 2009).

"[A] firearm is possessed 'in connection with' a drug possession felony if it 'facilitated, or had the potential of facilitating' that other felony." **United States v. Holm**, 745 F.3d 938, 940 (8th Cir. 2014), *quoting* **§ 2K2.1, cmt. n.14(A)**. This court reverses if "the record on appeal indicated that the district court applied the section 2K2.1(b)(6) enhancement based on a temporal and spatial nexus between the drugs and firearms, without applying the 'facilitate' standard of note 14(A)." **United States v. Sneed**, 742 F.3d 341, 344 (8th Cir. 2014) (brackets and internal quotations omitted), *citing* **Blankenship**, 552 F.3d at 705.

The facts here indicate that the district court understood and properly applied the "facilitate" standard in finding that the firearm was used "in connection with" the heroin possession. *See* **United States v. Smith**, 535 F.3d 883, 886 (8th Cir. 2008) ("Whether a firearm 'facilitated, or had the potential of facilitating' a felony offense of drug possession must be determined based on the facts of each individual case."). The district court noted that, though the felony offense is not trafficking, it is "not a situation where . . . we have got some drugs in the house and there happens to be a

firearm somewhere in the house as well, and they are arguably coincidental." Rather, "Mr. Jarvis must have made the decision at some point to leave his home with heroin in his pocket and to place a loaded firearm in that same pocket and to go out in the public in that fashion." The court also referenced Jarvis's conviction for distributing drugs, which involved a loaded gun. The district court explicitly stated, "I do find that this firearm facilitated or had the potential to facilitate another felony" and, "the firearm was in fact possessed by Mr. Jarvis in connection with another felony, namely his possession of heroin on that day."

Jarvis emphasizes that he possessed only a "user" amount of heroin. "The inference that a firearm is for protection of drugs is allowable when the amount of drugs is more than residue." *United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010). *Compare* *Holm*, 745 F.3d at 941 (finding the district court did not err in applying the enhancement where defendant possessed one-half gram of methamphetamine), *with* *Smith*, 535 F.3d at 885 ("The evidence does not prove that Smith's simultaneous possession of firearms, ammunition, and methamphetamine residue was anything other than coincidence."). In sum, "when a drug user chooses to carry illegal drugs out into public with a firearm, an 'in connection with' finding 'will rarely be clearly erroneous.'" *Holm*, 745 F.3d at 940.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____