# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1488

_____

United States of America

*Plaintiff - Appellee*

v.

Paris Clevont'e Lyes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: January 14, 2019
Filed: May 31, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Paris Lyes pleaded guilty to being a drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court[1] sentenced him to 46 months' imprisonment. We affirm.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

In July 2016, Lyes applied for a permit to carry a firearm. While completing the application, Lyes represented that he did not use illegal drugs. Lyes received the permit and purchased a Glock 9mm pistol, a Mossberg .22 caliber pistol, and a Romarm/Cugir 7.62x39mm pistol.

In July 2017, police conducted a traffic stop of Lyes's vehicle. Upon searching the vehicle, they discovered marijuana, a digital scale, and several small baggies. In a post-*Miranda* interview, Lyes admitted to regularly using and selling marijuana. Specifically, Lyes stated he had been using marijuana for the past five years, as well as selling two ounces of marijuana every three weeks.

Two weeks later, police obtained a warrant and searched Lyes's residence. They recovered a loaded Glock 9mm pistol, a magazine of Glock ammunition, .380 caliber ammunition, a marijuana grinder, rolling papers, a digital scale, and counterfeit bills—all from the same bedroom. Later that same day, police observed Lyes leaving his girlfriend's house with a duffle bag, putting the bag in the trunk of his car, and driving off. Police then located the parked car and searched it pursuant to a warrant. They recovered the Mossberg .22 caliber pistol, the Romarm/Cugir 7.62x39mm pistol, several large capacity magazines, and 831 rounds of assorted ammunition, as well as masks, bandannas, and gloves. Police then arrested Lyes.

This time, during his post-*Miranda* interview, Lyes attempted to retract his previous admission of marijuana use, claiming he had been only an occasional marijuana user at the time he purchased his guns. He did, however, admit to using marijuana since the traffic stop—an admission confirmed by urine testing. He also admitted to transporting his guns from his girlfriend's house. Lyes's girlfriend later testified to having seen one of Lyes's guns inside his car sometime after April 2017.

Lyes's presentence report (PSR) calculated an adjusted offense level of 26, including a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for

possessing a firearm in connection with another felony—here, possession with intent to distribute and distribution of marijuana, in violation of Iowa Code § 124.401(1)(d). The PSR reduced Lyes's total offense level to 23 based on his acceptance of responsibility.

Lyes objected to the § 2K2.1(b)(6)(B) enhancement, arguing the evidence did not establish that he possessed a firearm in connection with possession with intent to distribute and distribution of marijuana. The district court overruled the objection and determined that Lyes's total offense level was 23, his criminal history category was I, and his advisory sentencing range was 46–57 months' imprisonment. The court sentenced Lyes to 46 months' imprisonment. On appeal, Lyes renews his objection to the § 2K2.1(b)(6)(B) enhancement.

The Guidelines call for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The enhancement applies

> in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia. In these cases, application of subsection[] (b)(6)(B) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense.

U.S.S.G. § 2K2.1(b)(6)(B), cmt.14(B).

In applying the enhancement, we have differentiated between drug possession and drug trafficking offenses. "[W]ith the addition of Application Note 14 [in 2006], the Sentencing Commission decided to make a distinction between the factual circumstances of when the other felony was a drug trafficking offense, or

alternatively, a simple drug possession offense." *United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009).

> [W]hen the defendant . . . possesses a 'user' amount of drugs and is not a trafficker, instead of automatically applying the adjustment when both drugs and weapons are involved in the offense, the district court must affirmatively make a finding that the weapon or weapons facilitated the drug offense before applying the adjustment.

*Id.* However, "[i]f the felony is for drug trafficking, Application Note 14(B) mandates application of the adjustment if guns and drugs are in the same location." *Id.*

Lyes's "other felony" was a trafficking offense, and his firearm and drug paraphernalia were discovered in the same location. Consequently, the district court was not required to find that the firearms facilitated the drug offense. *See id.* Because § 2K2.1(b)(6)(B) encompasses both drugs and drug paraphernalia, *Blankenship*'s conclusion that the enhancement must apply if the "other felony" is for drug trafficking applies here. *See id.*

Furthermore, the district court possessed sufficient evidence to find that Lyes trafficked drugs and that his firearms facilitated that trafficking. *See United States v. Littrell*, 557 F.3d 616, 617 (8th Cir. 2009) (adopting a preponderance of the evidence standard for determining whether "another state or federal felony offense" was committed for § 2K2.1(b)(6) purposes). Lyes admitted to distributing drugs, and his firearms and ammunition were found in the same room with the evidence of drug trafficking. *See United States v. Buchanan*, 604 F.3d 517, 520 (8th Cir. 2010) (finding digital scale and baggies to be items consistent with drug distribution). Testimony from Lyes's girlfriend also indicated that Lyes carried a firearm in his car, and the police found evidence of drug trafficking in his car during the July 2017 traffic stop.

We thus conclude the district court did not err in imposing the four-level enhancement. The judgment of the district court is affirmed.

_____