United States Court of Appeals

For the Eighth Circuit

———————————————

No. 19-3471

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jonathan Cochran

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

————————

Submitted: September 21, 2020
Filed: December 18, 2020
[Unpublished]

————————

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

————————

PER CURIAM.

After he pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced Appellant Jonathan Cochran to 82 months imprisonment. Cochran appeals, asserting that the district court erroneously applied a four-level sentence enhancement for possession

---
[1] The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

of a firearm in connection with another felony offense—possession of methamphetamine. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Cochran's conviction arises from an Alcohol, Tobacco, and Firearms (ATF) raid of the shed in which he had been living in Cape Girardeau, Missouri. ATF agents obtained a federal warrant to search the shed after a confidential informant provided the ATF with information that Cochran was in possession of a firearm and was dealing methamphetamine out of the shed. From the shed, ATF agents recovered methamphetamine in a personal-use amount, a glass smoking tube with burnt residue, a loaded revolver, and nearly 200 rounds of ammunition. The firearm was located on a work bench on one side of the shed, while the methamphetamine and pipe were located on a work bench on the other side of the shed, approximately five to eight feet apart. Cochran was subsequently charged with one count of being a felon in possession of a firearm and entered a guilty plea. The Presentence Investigation Report (PSR) prepared by the United States Probation Office prior to sentencing recommended application of a four-level sentence enhancement pursuant to the United States Sentencing Guidelines § 2K2.1(b)(6)(B), which applies where the possession of a firearm occurs in connection with another felony offense. Here, the other felony offense was possession of methamphetamine in violation of Missouri law. The district court adopted the PSR's recommendation of the four-level enhancement and calculated Cochran's Guidelines range at 77 to 96 months imprisonment, before ultimately imposing a sentence of 82 months imprisonment.

On appeal, Cochran argues that the district court committed procedural error by erroneously applying the USSG § 2K2.1(b)(6)(B) sentencing enhancement. "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" United States v. Godfrey, 863 F.3d 1088, 1094-95 (8th Cir. 2017) (citation omitted). Cochran argues that the only basis for

the district court's application of the § 2K2.1(b)(6)(B) enhancement was the spatial proximity of a user amount of methamphetamine to the firearm, which this Court has held alone is insufficient to sustain the enhancement. See United States v. Dalton, 557 F.3d 586, 589 (8th Cir. 2009) ("[T]o support application of the enhancement . . . the government must prove, and the district court must find, 'at a minimum, the firearm['s] . . . presence facilitated or had the potential to facilitate the offense, as opposed to being the result of mere accident or coincidence.'" (citation omitted)). In reviewing Cochran's claim of procedural error, we review the district court's application of the sentencing Guidelines de novo and its factual findings for clear error. United States v. Jarvis, 814 F.3d 936, 937 (8th Cir. 2016).

Although Cochran argues the district court applied the enhancement based solely on the proximity of the firearm to the personal-use amount of methamphetamine in the small shed, the district court made the specific factual finding that the firearm had either facilitated or had the potential to facilitate the drug-possession offense. Considering the totality of the circumstances, which included Cochran's extensive criminal history involving drugs and the fact that the firearm was loaded, the district court concluded that "the possession was not the result of a mere accident or coincidence." R. Doc. 55, at 5. And the district court specifically stated that it was "very aware of the cases that say that the enhancement can't be based solely on temporal or spatial nexus between the drugs and the firearm." R. Doc. 55, at 4. On this record, the district court's factual finding was not clearly erroneous. See United States v. Swanson, 610 F.3d 1005, 1008 (8th Cir. 2010) ("If the district court does find that the possession of a firearm facilitated or had the potential to facilitate a drug possession 'it will rarely be clearly erroneous.'" (citation omitted)). The district court therefore did not err in applying the § 2K2.1(b)(6)(B) enhancement for possession of a firearm in connection with another felony offense.

We affirm the judgment of the district court.

_____