# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-1630

_____

United States of America

*Plaintiff - Appellee*

v.

Yusuf John Jones

*Defendant - Appellant*

_____

No. 24-2262

_____

United States of America

*Plaintiff - Appellee*

v.

Yusuf John Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: April 14, 2025
Filed: July 31, 2025
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Yusuf Jones admitted that he committed nine violations of his conditions of supervised release, so the district court[1] revoked his supervised release and sentenced him to 24 months of imprisonment, the maximum term of imprisonment permitted by statute. At the revocation hearing, the district court referred to facts from a report that was not made part of the record before or during the hearing. Jones appealed his sentence, arguing that the district court erred by relying on that report and by imposing a substantively unreasonable sentence. After he filed the appeal of his revocation sentence, the district court granted the government's request under Federal Rule of Appellate Procedure 10(e) to supplement the hearing record by adding the report at issue. Jones then filed a separate appeal of the order expanding the record. We conclude the district court did not plainly err by considering the report and did not impose a substantively unreasonable sentence. In light of this conclusion, we affirm his revocation sentence and dismiss as moot the second appeal challenging the order expanding the record.

In October 2023, Jones started two terms of supervised release: one for a sentence imposed by the District of Colorado, and another for a sentence imposed by the Southern District of Iowa. Two months later, the Probation Office for the District of Colorado filed a petition to revoke his supervised release, alleging eight violations. Jones stipulated to those violations and was sentenced to 7 months of imprisonment. He then was brought to the Southern District of Iowa to face another petition for revocation, citing nine violations that largely overlapped with those alleged in the District of Colorado. Jones again stipulated he committed these violations, which included failing to report to his probation officer, using cocaine and marijuana, failing to comply with drug testing, committing a new law violation,

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

-2-

associating with a felon, and traveling outside of the judicial district without authorization. At the revocation hearing, the district court calculated Jones's advisory range as 5 to 11 months of imprisonment, heard argument from the parties, and sentenced Jones to 24 months of imprisonment running consecutive to his revocation sentence imposed by the District of Colorado.

In his first appeal, Jones asserts the district court erred by relying on information that came from a U.S. Marshals Field Operational Report (Report) following his 2023 arrest related to the revocation petition filed in the District of Colorado. The Report claims Jones resisted being fingerprinted and that he falsely accused the officers trying to fingerprint him of sexual assault. We review whether the district court procedurally erred by relying on the Report under a plain error standard because Jones failed to object at the revocation hearing. *See United States v. Tumea*, 103 F.4th 1349, 1352 (8th Cir. 2024). To obtain relief under plain error review, Jones "must show that there was an error, the error is clear or obvious under current law, the error affected [his] substantial rights, and the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *United States v. Delgrosso*, 852 F.3d 821, 828 (8th Cir. 2017)).

A district court cannot "bas[e] a sentence on unproven, disputed allegations rather than facts," and any factual finding "without record support [is] clearly erroneous." *United States v. Richey*, 758 F.3d 999, 1002 (8th Cir. 2014) (alteration in original) (emphasis omitted) (quoting *United States v. Hudson*, 129 F.3d 994, 995 (8th Cir. 1997)). The district court's finding that Jones resisted being fingerprinted after his arrest for the revocation proceedings rested on the Report which was not a part of the record at the time of the hearing. We note, though, that Jones had been given the Report prior to the hearing and did not contest the veracity of the allegations before the district court or on appeal.

Assuming the district court erred by finding that Jones resisted fingerprinting after his 2023 arrest, this error did not affect Jones's substantial rights because he has not shown that this finding "resulted in a less favorable sentence than he would

have otherwise received." *See Tumea*, 103 F.4th at 1352. The district court's discussion of his noncompliance with fingerprinting was made "in the context of a larger discussion about [Jones's] longstanding struggle to comply with conditions of supervised release" and other directives from authority. *See id.* In explaining its sentence, the district court highlighted Jones's "long history" of failing to conform his conduct to the law and to cooperate with his supervised release conditions. The district court noted Jones had three federal convictions. During his first stint in federal prison, Jones "had at least 43 violations." Once released, his supervised release was revoked multiple times, and he committed the underlying offense here only two months after his term of supervision ended. Then, while in custody for that conviction, he committed an assault with a dangerous weapon leading to his conviction in the District of Colorado.

After retelling this history, the district court noted Jones "struggled to comply with almost any directives that he was given," including an earlier instance where, around the time of his underlying Southern District of Iowa conviction, he refused to be fingerprinted by the U.S. Marshals. It then briefly noted the newest fingerprinting incident detailed in the Report before identifying other examples of noncompliance following Jones's arrest to face the revocation petitions, including trying to flood his cell and threatening to kill correctional officers. Based on this pattern, the district court recognized that Jones would not be successful on any future term of supervised release. The district court then concluded "the best thing to do here for the safety of the community and, frankly, for the defendant himself is just to revoke him [and] impose 24 months' imprisonment with no supervision to follow." Upon careful review, "we discern nothing in the record to indicate" the reference to the newest fingerprinting incident "affect[ed] the district court's sentencing conclusion." *Id.* (alteration in original) (quoting *United States v. Wise*, 17 F.4th 785, 789 (8th Cir. 2021)). Rather, the district court sentenced Jones based on the overwhelming evidence that he had not complied with release conditions or any other directives from authorities in the past and was unlikely to do so in the future. We therefore conclude Jones has failed to satisfy the plain-error standard.

Jones next argues that his sentence was substantively unreasonable. We consider whether a sentence is substantively unreasonable under an abuse-of-discretion standard. *United States v. May*, 70 F.4th 1064, 1072 (8th Cir. 2023). "An abuse of discretion occurs when the district court '(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" *Id.* at 1072–73 (quoting *United States v. Godfrey*, 863 F.3d 1088, 1099 (8th Cir. 2017)). We conclude the district court did not abuse its discretion. Jones asserts his "violations were not so egregious as to justify the maximum sentence" and mitigating factors warranted a lower sentence. But the district court did not abuse its discretion by giving greater weight to Jones's lengthy history of noncompliance than mitigating factors and by concluding a substantial upward variance was warranted in light of Jones's consistent behavior. *See id.* at 1073. "While some judges might have imposed less," Jones has not shown that the district court imposed a substantively unreasonable sentence. *See United States v. Pierson*, 73 F.4th 582, 592 (8th Cir. 2023).

In his second appeal, Jones argues the district court abused its discretion by granting the government's motion to expand the record under Federal Rule of Appellate Procedure 10(e). Rule 10 allows the district court to correct or modify the record on appeal "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). In light of our conclusion that the district court did not plainly err by considering the allegations in the Report, Jones would not be entitled to resentencing even if we did not consider the Report as part of the appellate record. We therefore dismiss as moot Jones's second appeal challenging the order expanding the record to include the Report. *See United States v. Holm*, 745 F.3d 938, 943 (8th Cir. 2014) (declining to address a Rule 10(e) argument because the material at issue would not affect the defendant's claim raised on appeal).

We affirm Jones's revocation sentence and dismiss his separate appeal of the order expanding the record as moot.

_____