# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1456

_____

United States of America

*Plaintiff - Appellee*

v.

Adam Cade Michael Gilson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: March 14, 2016
Filed: June 13, 2016
[Unpublished]

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Adam Cade Michael Gilson appeals from the district court's[1] imposition of a 90-month sentence following Gilson's conditional guilty plea to one count of being

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He challenges the district court's denial of a motion to suppress and the four-level enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2K2.1(b)(6)(B) because he "used or possessed [the] firearm . . . in connection with another felony offense." We affirm.

On May 2, 2014, while conducting surveillance at a house suspected to be used for methamphetamine distribution, an officer with the Waterloo, Iowa, Police Department identified a vehicle parked there, later followed that vehicle (driven by Gilson) and "observed that the license plate sat lower and partially blocked some of the letters for the county and then also almost three-quarters of the actual registration sticker." The officer could not read the registration sticker, even at close range. Based in part on the obstructed view of the license plate, a deputy of the Tama County Sheriff subsequently conducted a traffic stop of the vehicle. During the stop, the deputy observed a handgun under the front passenger seat. A second handgun was later located under the driver's seat. The officers also found ammunition. Based on this evidence, a grand jury returned an indictment charging Gilson with being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). Gilson filed a motion to suppress, challenging the probable cause underlying the stop. The district court denied the motion and then Gilson entered a conditional guilty plea reserving his appeal on the issue. The district court sentenced Gilson to 90 months' imprisonment.

On appeal, Gilson challenges the denial of his motion to suppress and the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) at sentencing. As to the stop, Gilson argues the officers did not have probable cause to stop his vehicle for violating Iowa Code § 321.38, which generally governs vehicle registration plates. Specifically at issue is the portion of the statute that requires the registration plate be "securely fastened" "in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible." Id. § 321.38. He

claims that by its plain language, the statute does not apply to validation stickers affixed to a registration plate and that the district court impermissibly expanded the meaning of § 321.38 in concluding otherwise. Upon de novo review,[2] we conclude that denial of the motion to suppress was proper because, as thoroughly analyzed by the district court, "Iowa law requires operators of motor vehicles to display the [validation] sticker such that it remains readable," and therefore probable cause supported the stop. Accordingly, we affirm. See 8th Cir. R. 47B.

Gilson also requests that this court overrule United States v. Jackson, 633 F.3d 703 (8th Cir. 2011), and further overrule or distinguish United States v. Walker, 771 F.3d 449 (8th Cir. 2014), cert. denied, 135 S. Ct. 1538 (2015), and its progeny in which this court holds that when a defendant is convicted of being a felon in possession of a firearm in a manner that also violates Iowa Code § 724.4(1), he possesses the firearm in connection with another felony offense for purposes of the four-level enhancement in U.S.S.G. § 2K2.1(b)(6)(B). Walker, 771 F.3d at 452-53; see also United States v. Boots, 816 F.3d 971, 974-75 (8th Cir. 2016) (applying Walker and holding that Iowa Code § 724.4(1) qualified as another felony offense for purposes of the U.S.S.G. § 2K2.1(b)(6)(B) enhancement). Gilson recognizes that this panel is unable to reverse existing precedent, Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002) (per curiam) ("It is a cardinal rule in [this] circuit that one panel is bound by the decision of a prior panel."), but argues these cases were improperly decided and should be reviewed by the court en banc. We acknowledge the argument although we are bound by Walker.

For the reasons stated herein, we affirm.

_____

_____

[2]The district court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error. United States v. Vanover, 630 F.3d 1108, 1113-14 (8th Cir. 2011).