# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1546

_____

United States of America

*Plaintiff - Appellee*

v.

Kendrick Shawnray Maid

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 10, 2014
Filed: November 24, 2014

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Kendrick Maid pleaded guilty to possession of a firearm as a felon, a violation of 18 U.S.C. § 922(g). The district court[1] sentenced him to 120 months' imprisonment. Maid appeals his sentence, arguing that the district court erred in

_____

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

calculating his advisory sentencing guidelines range and that his sentence is unreasonable. We affirm for the reasons explained below.

In April 2013, Maid argued with Tyrone Hurn at Hurn's apartment, then left the residence, promising to return. Shortly thereafter, Maid returned with a gun, pointed it in Hurn's direction, fired two shots at the ceiling, and fled. Maid was indicted for and pleaded guilty to being a felon in possession of a firearm. At sentencing, the district court concluded that Maid's base offense level was twenty-four, pursuant to USSG § 2K2.1, and determined that his total offense level was twenty-five. This resulted in an advisory sentencing range of 110-137 months' imprisonment reduced to 110-120 per the statutory maximum, 18 U.S.C. § 924(a)(2). *See* USSG § 5G1.1(c). The district court imposed a sentence of 120 months' imprisonment.

Maid first argues that the district court erred when it determined his base offense level pursuant to USSG § 2K2.1(a)(2). Section 2K2.1(a)(2) provides for a base offense level of twenty-four if the defendant has been convicted of two prior felonies that are crimes of violence as defined in USSG § 4B1.2. Maid concedes that his Iowa conviction for willful injury is a crime of violence but argues that neither his conviction for assault while displaying a dangerous weapon, Iowa Code §§ 708.1(3) (2002) (current version at Iowa Code § 708.1(2)(c)), 708.2(3), nor his conviction for domestic-abuse assault with intent to injure or with a weapon, Iowa Code §§ 708.1 (2002) (current version at Iowa Code § 708.1), 708.2A(2)(c), qualifies as a crime of violence. This court reviews *de novo* a district court's determination that a conviction is a crime of violence under the sentencing guidelines. *United States v. Craig*, 630 F.3d 717, 723 (8th Cir. 2011).

"To determine whether a prior conviction qualifies as a crime of violence we apply the 'categorical approach,' under which 'we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in

terms of how an individual offender might have committed it on a particular occasion.'" *United States v. Williams*, 627 F.3d 324, 327 (8th Cir. 2010) (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). Under USSG § 4B1.2(a)(1), a crime of violence includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Maid was convicted of the Iowa crime of assault while displaying a dangerous weapon in violation of Iowa Code §§ 708.1(3) (2002), 708.2(3). A person violates § 708.1(3) (2002) by "[i]ntentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another." Section 708.2(3) provides that any person "who commits assault, as defined in section 708.1, and uses or displays a dangerous weapon in connection with the assault, is guilty of an aggravated misdemeanor."[2] As relevant here, a "dangerous weapon" includes "any instrument or device designed primarily for use in inflicting death or injury" and "any instrument or device . . . which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury." Iowa Code § 702.7 (1988) (current version at Iowa Code § 702.7).

Maid argues that his conviction for assault while displaying a dangerous weapon is not a crime of violence because it requires no use or threatened use of physical force. However, both the requirement of "[i]ntentionally point[ing] any firearm toward another" and the requirement of "display[ing] in a threatening manner any dangerous weapon toward another" under Iowa Code § 708.1(3) (2002) categorically constitute a "threatened use of physical force" under USSG § 4B1.2(a)(1). In *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), we addressed whether a Missouri conviction for unlawful use of a weapon constituted

---

[2]An Iowa aggravated misdemeanor carries the possibility of a two-year prison sentence, Iowa Code § 903.1(2), and therefore qualifies as a prior felony conviction under USSG § 4B1.1. *United States v. Malloy*, 614 F.3d 852, 860 (8th Cir. 2010).

a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). *Id.* at 787-88.[3] The defendant in *Pulliam* was convicted of knowingly "exhibit[ing], in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." *Id.* at 788 (quoting Mo. Rev. Stat. § 571.030.1(4)). We explained that "[i]t goes without saying that displaying an operational weapon before another in an angry or threatening manner qualifies as a threatened use of physical force" under § 924(e)(2)(B)(i). *Id.*; *see United States v. Forrest*, 611 F.3d 908, 910-11 (8th Cir. 2010) (finding that crime of felony menacing, which requires knowingly placing or attempting to place another in fear of imminent serious bodily injury by use of a deadly weapon, "easily satis[fies]" the requirement of a threat of physical force under § 924(e)(2)(B)(i)). Thus, we conclude that Maid's conviction for assault while displaying a dangerous weapon under Iowa Code §§ 708.1(3) (2002), 708.2(3) categorically qualifies as a crime of violence under USSG § 4B1.2(a)(1).[4] Accordingly, the district court did not err in determining Maid's base offense level pursuant to § 2K2.1(a)(2).

Maid next argues that his within-guidelines sentence is substantively unreasonable. "[W]e review the substantive reasonableness of [Maid's] sentence 'under a deferential abuse-of-discretion standard.'" *See United States v. Robison*,

---

[3]Section 924(e)(2)(B)(i) and USSG § 4B1.2(a)(1) are textually identical. Although the terms "crime of violence" under § 4B1.2(a) and "violent felony" under § 924(e)(2)(B) require independent analysis, *see United States v. Ross*, 613 F.3d 805, 809-10 (8th Cir. 2010), interpretations of one guide interpretations of the other, *see United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2009).

[4]Because assault while displaying a dangerous weapon, Iowa Code §§ 708.1(3) (2002), 708.2(3), qualifies as a categorical crime of violence, we need not reach the question of whether Maid's conviction for domestic-abuse assault with intent to injure or with a weapon is a crime of violence. *See* USSG § 2K2.1(a)(2).

759 F.3d 947, 950 (8th Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This "narrow and deferential" review means that only an "unusual case" will warrant a finding of substantive unreasonableness. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010) (quoting *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *Robison*, 759 F.3d at 950-51 (quoting *United States v. Kreitinger*, 576 F.3d 500, 503 (8th Cir. 2009)). A sentence imposed within the advisory guidelines range, such as Maid's, is presumed to be substantively reasonable. *See id.* at 950.

Maid argues that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors. Specifically, Maid contends that the district court did not assign sufficient weight to his history of physical and mental health problems, his acceptance of responsibility, and the victims' wishes for a lenient sentence. However, the district court heard extensive arguments from Maid's counsel concerning each of these factors and determined that Maid's violent criminal history and the court's obligation under § 3553(a) to protect the public "overwhelm[] the other considerations in this case." Maid has numerous convictions for violent conduct. We recognize that a "district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009). Accordingly, "giv[ing] due deference to the district court's decision that the § 3553(a) factors, on the whole, justify [Maid's] sentence," our review reveals no clear error of judgment. *See id.* (first alteration in original) (quoting *Gall*, 552 U.S. at 51) (internal quotation marks omitted).

We affirm.

_____