# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-1503

_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Wayne Boots

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 25, 2015
Filed: March 8, 2016
[Published]

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jacob Boots pleaded guilty to possessing a firearm as a felon. He now appeals the 88-month sentence that the district court[1] imposed. Boots argues that the district

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa

court erred in (1) finding that his prior conviction for assault while using or displaying a dangerous weapon constitutes a crime of violence, (2) finding that he possessed a firearm in connection with the felony offense of carrying weapons, and (3) imposing an alternate sentence. We affirm.

## I. *Background*

In April 2014, law enforcement officers made a valid traffic stop on a vehicle in Cedar Rapids, Iowa. Boots was a passenger in the vehicle, seated directly behind the driver. During a search of the vehicle, the officers found a Smith and Wesson 9mm handgun with the serial number sanded off. Boots could easily reach the firearm from his seat. Boots was arrested and later charged with various federal firearm offenses to which he pleaded guilty. In his plea agreement, Boots stipulated that he "knew the firearm was in the vehicle and intended to exercise dominion and control over the firearm by removing it from the vehicle, once he reached his destination."

In August 2014, a grand jury returned a one-count indictment charging Boots for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Boots later pleaded guilty to the indictment pursuant to a plea agreement. At the sentencing hearing, the district court found that Boots violated the Iowa-carrying-weapons offense under Iowa Code § 724.4(1). And previously, Boots was convicted of assault while displaying a dangerous weapon, in violation of Iowa Code §§ 708.1 and 708.2(3).

In February 2015, Boots appeared before the district court for sentencing. The court first addressed the base offense level under U.S.S.G. § 2K2.1(a)(4)(A) and (b)(6)(B). Subsection (a)(4)(A) provides that the base level should be adjusted to 20 if a defendant possesses the firearm subsequent to already having been convicted of a crime of violence. The court determined that Boots's previous Iowa conviction constituted a crime of violence. As a result, the court increased Boots's base offense level from 14 to 20.

Subsection (b)(6)(B) allows a four-level enhancement if the defendant possessed a firearm in connection with another felony offense. Relying on *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014), *cert. denied*, 135 S. Ct. 1538 (2015), the court found that Boots possessed a firearm in connection with violating Iowa Code § 724.4(1) and applied the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). The court also applied an additional four-level enhancement under U.S.S.G. § 2K2.1(b)(4)(B) because the firearm had an altered or obliterated serial number.

These enhancements, coupled with a three-level reduction for acceptance of responsibility, left Boots with a total offense level of 25. The court calculated Boots's criminal history category to be VI. Thus, the court calculated the Guidelines range to be 110–135 months; however, because the statutory maximum is 120 months' imprisonment, the court adjusted the Guidelines range to 110–120 months. Finally, the court granted the government's motion to reduce Boots's sentence under U.S.S.G. § 5K1.1 for contributing to a federal investigation; this reduced Boots's Guidelines range to 88–96 months.

Ultimately, the court sentenced Boots to 88 months' imprisonment—the low end of the Guidelines. The court also gave an alternate sentence "if [it] erred in calculating the advisory guideline sentence." In that event,

> the Court would vary and impose a nonguideline sentence after considering the factors at 18 United States Code Section 3553(a), and the Court's nonguideline sentence would also be 88 months.
>
> And I would base my nonguideline sentence on all of the 3553(a) factors, but, in particular, the history and characteristics of this defendant. He presents a real danger to the community. He lacks respect for himself and for others. His involvement in criminal activity has been very concentrated, all as an adult. A good portion of it is violent and aggressive.

The court cited nine of Boots's previous convictions to illustrate his danger to society and noted that "almost all of his criminal history is aggressive, assaultive, violent-based." The court emphasized that Boots likely would recidivate because he had neither tried to find gainful employment nor treat his drug abuse.

## II. *Discussion*

On appeal, Boots raises three arguments—two challenging whether the Guidelines range was correctly calculated and one challenging the alternate sentence. Because we find the district court did not err in calculating the sentence under the Guidelines, it is unnecessary for us to address Boots's third argument disputing the alternate sentence.

We review de novo "[t]he legal conclusions a district court reaches in order to apply an enhancement for purposes of calculating an advisory guidelines range." *United States v. Septon*, 557 F.3d 934, 936 (8th Cir. 2009) (citing *United States v. Blankenship*, 552 F.3d 703, 707 (8th Cir. 2009)). But "factual findings underpinning the enhancement are reviewed for clear error." *Id.* (citing *Blankenship*, 552 F.3d at 707).

### A. *U.S.S.G. § 2K2.1(a)(4)(A) Enhancement*

Boots first argues the district court erroneously concluded that his prior conviction of assault while displaying a dangerous weapon was a crime of violence. The Guidelines increase the base offense level of a felon in possession of a firearm to 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Section 4B1.2(a), in turn, defines "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

-4-

The State of Iowa convicted Boots for violating Iowa Code § 708.1(3) (2010). A person violates this section by "[i]ntentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another." Iowa Code § 708.1(3) (2010). Section 708.2(3) provides that "[a] person who commits an assault, as defined in section 708.1, and uses or displays a dangerous weapon in connection with the assault, is guilty of an aggravated misdemeanor." Such aggravated misdemeanors are punishable by a "maximum penalty . . . [of] imprisonment not to exceed two years." *Id.* § 903.1(2). Therefore, "[a] crime designated as an aggravated misdemeanor under Iowa law falls within the Guidelines definition of felony offense." *United States v. Holm*, 745 F.3d 938, 941 (8th Cir. 2014) (citations omitted). Boots's conviction under § 708.1(3) qualifies as a felony offense under the Guidelines.

Nevertheless, Boots contends that because § 708.1(3) does not require application of physical force or specify a threat of physical harm, it "is categorically not a crime of violence and it cannot be cited as justification to increase to [sic] base offense level from 14 to 20." We have already addressed Boots's argument in *United States v. Maid*, 772 F.3d 1118 (8th Cir. 2014). In *Maid*, we held that the defendant's "conviction for assault while displaying a dangerous weapon under Iowa Code §§ 708.1(3) (2002), 708.2(3) categorically qualifie[d] as a crime of violence under USSG § 4B1.2(a)(1)." *Id.* at 1121 (footnote omitted). We explained that "both the requirement of '[i]ntentionally point[ing] any firearm toward another' and the requirement of 'display[ing] in a threatening manner any dangerous weapon toward another' under Iowa Code § 708.1(3) (2002) categorically constitute a 'threatened use of physical force' under USSG § 4B1.2(a)(1)." *Id.* at 1120 (alterations in original). As such, the district court did not err in applying the U.S.S.G. § 2K2.1(a)(4)(A) enhancement because Boots's conviction under §§ 708.1(3) and 708.2(3) categorically qualified as a crime of violence under U.S.S.G. § 4B1.2(a)(1).

B. *U.S.S.G. § 2K2.1(b)(6)(B) Enhancement*

Boots next argues that the district court erred in imposing a four-level enhancement to his advisory Guidelines offense level because he "used or possessed [the] firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). "'Another felony offense', for purposes of subsection (b)(6)(B), means any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 cmt. n.14(C).

Under Iowa Code § 724.4(1),

a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Boots argues that the exclusion in Note 14(C) of the Guidelines applies to the Iowa-carrying-weapons offense. In his brief, Boots analogizes his situation to that of the defendant in *United States v. Lindquist*, 421 F.3d 751 (8th Cir. 2005), *cert. denied*, 550 U.S. 905 (2007), *abrogated on other grounds as recognized in United States v. Steward*, 598 F.3d 960, 962–63 (8th Cir. 2010). In *Lindquist*, we held that the district court erred in applying the four-level enhancement by effectively double counting the defendant's conduct. *Id.* at 756. We found it "'unreasonable, and hence presumably contrary to the Commission's intent, to allow the 'additional felony' to be an offense that the defendant has to commit, in every case, in order to commit the underlying offense.'" *Id.* (quoting *United States v. English*, 329 F.3d 615, 618 (8th Cir. 2003)).

Boots's argument is unavailing. We addressed the same argument in *Walker*. There we held that "[Iowa Code] § 724.4(1) does not fall within the narrow Note

14(C) exclusion for '*the* . . . firearms possession . . . offense' . . . , and applying the four-level enhancement in U.S.S.G. § 2K2.1(b)(6) does not implicate the 'double counting' concerns underlying our decision in *Lindquist*, 421 F.3d at 756." *Walker*, 771 F.3d at 453 (first and second alteration in original). We noted that our narrow reading of Note 14(C) was bolstered and vindicated by the 2011 amendments to § 2K2.1.[2] *See id.* at 451–52.

Boots has failed to show that he "could not have committed the underlying federal offense without also violating the state offense that the district court used to support the [enhancement]." *See United States v. Jackson*, 633 F.3d 703, 707 (8th Cir. 2011) (interpreting *Lindquist*). Unlike 18 U.S.C. § 922(g), Iowa Code § 724.4(1) requires proof that Boots "knowingly carrie[d] or transport[ed] in a vehicle a pistol or revolver." *See Walker*, 771 F.3d at 453 (quoting Iowa Code § 724.4(1)). Just as in *Walker*, application of the four-level enhancement to Boots avoids the double counting concerns Note 14(C)'s exclusion seeks to prevent.[3]

---

[2]The Note prior to the 2011 amendments defined "another felony offense" to exclude "offenses other than explosives or firearm possession or trafficking offenses." U.S.S.G. § 2K2.1 cmt. n.15 (2005). The 2011 amendments narrowed the Note to exclude "*the* explosive or firearms possession or trafficking offense." *Id.* § 2K2.1 cmt. n.14(C) (emphasis added). Even under the more broadly worded exclusion, we understood the exclusion "to refer to offenses that have, as an element, possession of a firearm . . . [as opposed to] offenses in which the underlying conduct involved firearms possession." *See English*, 329 F.3d at 617.

[3]Boots briefly argues that his Sixth Amendment right to a jury was violated by the district court applying the enhancement. Under circuit precedent, this argument is foreclosed. A separate trial by a jury is not required to prove that "another felony offense" has been committed. *See, e.g., United States v. Bridges*, 569 F.3d 374, 377 (8th Cir. 2009) (rejecting the argument that U.S.S.G. § 2K2.1(b)(6) violated a defendant's Fifth and Sixth Amendment rights). All that is required is that "the district court must find by a preponderance of the evidence that another felony offense was committed, and that use or possession of the firearm 'facilitated' that other felony." *United States v. Littrell*, 557 F.3d 616, 617 (8th Cir. 2009) (citations omitted). We

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

MELLOY, Circuit Judge, concurring.

I concur because I conclude we are bound by United States v. Walker, 771 F.3d 449 (8th Cir. 2014). I write separately, however, because I believe Walker improperly interpreted U.S.S.G. § 2K2.1(b)(6)(B) in holding that Iowa Code § 724.4(1) qualified as "another felony offense." Specifically, Walker failed to take into account the Sentencing Commission's intent to avoid considering the same offense conduct twice in imposing the sentencing enhancement. See United States v. Jackson, 633 F.3d 703, 707–08 (8th Cir. 2011); U.S.S.G. 2K2.1(b)(6)(B) cmt. n.14(C) (applying the sentencing enhancement to any felony "other than *the* . . . firearms possession . . . offense" (emphasis added)).

In a recent case, Judge Bye wrote separately to address these same concerns. United States v. Sanford, No. 15-1501, --- F.3d ----, 2016 WL 612070, at *5–8 (8th Cir. Feb. 16, 2016) (Bye, J., concurring) (per curiam). In that case, featuring facts nearly identical to those here, Judge Bye concluded that, because 18 U.S.C. § 922(g)(1) and Iowa Code § 724.4(1) require essentially the same conduct, applying a sentencing enhancement based on the Iowa offense constitutes impermissible double-counting. Id. at *7–8; see also Jackson, 633 F.3d at 707; United States v. Lindquist, 421 F.3d 751, 756–57 (8th Cir. 2005), abrogated on other grounds as recognized in United States v. Steward, 598 F.3d 960, 962–63 (8th Cir. 2010) (per curiam).

---

find no clear error in the district court's finding that Boots's conduct also violated Iowa Code § 724.4. The facts to which Boots stipulated are alone sufficient to sustain the district court's determination.

Judge Bye's arguments apply with equal force to this case. Boots's act of possessing the firearm is inextricably entwined with his act of carrying or transporting it in a vehicle. Considering the language of Application Note 14(C), I believe the two offenses are not sufficiently separate offenses to trigger the § 2K2.1(b)(6)(B) sentencing enhancement for "another felony offense." Accordingly, I urge the Court to reconsider its holding in <u>Walker</u>.

_____