# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1095

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Mario McGrew

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 23, 2016
Filed: January 17, 2017

_____

Before RILEY, Chief Judge, MURPHY and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Joseph McGrew pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(3), which carries a statutory maximum penalty of 120 months' imprisonment. 18 U.S.C. § 924(a)(2). At sentencing, McGrew made several objections to his presentence investigation report (PSR) and argued that the district

court[1] should apply a sentencing range of 33 to 41 months' imprisonment for the charged offense under the United States Sentencing Guidelines. The district court, taking into account its calculated Guidelines range of 135 to 168 months, sentenced McGrew to the statutory maximum penalty of 120 months. After ruling on McGrew's objections, the district court stated that it would find the statutory maximum sentence appropriate regardless of the final Guidelines range determination.

On appeal, McGrew argues that his sentence should be vacated and that this case should be remanded for resentencing because the district court improperly calculated his Guidelines range. We need not address the merits of McGrew's Guidelines contentions because even if the district court erred in its Guidelines calculation, its sentence is affirmable. The district court founded its sentence upon its determination that the statutory maximum is the appropriate sentence and that no sentence within any argued Guidelines range would suffice in this circumstance. Any Guidelines calculation error was harmless. We therefore affirm the judgment of the district court.

## I. *Background*

On December 4, 2013, Des Moines police officers stopped a vehicle driven by McGrew for a minor traffic infraction. During the stop, the officers noticed a strong odor of marijuana coming from inside the vehicle. The officers ordered McGrew and his companion to exit. While searching the vehicle, the officers discovered a stolen 9mm handgun and ammunition in a secret compartment. At first McGrew denied knowledge of the handgun, but later, as part of his plea agreement, he acknowledged possessing it.

---

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Within two months of the December 4th incident, McGrew had two additional encounters with the police involving vehicle stops and firearms. Before the grand jury returned its first indictment against McGrew, investigators lawfully searched McGrew's Facebook account. This search uncovered numerous photographs of McGrew possessing a firearm, smoking marijuana, and making gang-related gestures. The search also uncovered multiple conversations between McGrew and other Facebook users regarding the purchase and sale of various firearms. The court issued an arrest warrant on October 29, 2014, and McGrew received pretrial release on November 7, 2014. During this release period, McGrew served a ten-day jail sentence for harassing the mother of his children, tested positive for marijuana use, and stashed an AK-47 assault rifle in an attic. On April 28, 2015, after several superceding indictments involving these additional charges, the grand jury indicted McGrew for having committed four counts of unlawful possession of a firearm and one count of contempt of court for possession of a firearm in violation of pretrial release. The government entered into a plea agreement with McGrew that dropped all the charges except the single count relating to the December 4th stop. The United States Probation Office used the Facebook evidence and McGrew's further encounters with law enforcement in making its PSR Guidelines determination. The report scored McGrew's total offense level at 32 and his criminal history as category II. The PSR calculated McGrew's sentencing range to be 135 to 168 months' imprisonment.

At his sentencing hearing, McGrew objected to the offense level calculation applied to him, specifically contesting: (1) the base offense level; (2) a four-point enhancement for possessing more than eight firearms; (3) an enhancement based on the offense's connection to other offenses; and (4) the denial of a single-point reduction for McGrew's acceptance of responsibility. The district court addressed all these objections in turn, finding the recommended total offense level appropriate. After discussing the sentencing factors found in 18 U.S.C. § 3553(a), the district court determined that the 120-month statutory maximum penalty was appropriate, stating: "Unquestionably this is the same sentence that I would have imposed regardless of

how any of the guideline issues were resolved in this case, and it's for all of the reasons that I identified, other than the guideline range factor."

## II. *Discussion*

McGrew asserts that the court misapplied several of the enhancements and selected the wrong base offense level. We review de novo the district court's "construction and application of the Guidelines," *United States v. Beckman*, 787 F.3d 466, 494 (8th Cir. 2015) (quotation omitted), but when the court derives its ultimate sentence apart from the Guidelines and offers an alternative explanation for its sentence, "such explanations may serve to prove other identified sentencing errors harmless." *United States v. Dean*, 823 F.3d 422, 429 (8th Cir. 2016) (per curiam) (quoting *United States v. Sayles*, 674 F.3d 1069, 1072 (8th Cir. 2012)).

Congress created the United States Sentencing Commission to promulgate sentencing guidelines in order to overcome the serious disparities in imprisonment lengths that could occur between different defendants prosecuted for similar crimes. *See Mistretta v. United States*, 488 U.S. 361, 363–70 (1989). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). The Guidelines are a "starting point" for a potential sentence, followed by the application of the factors found in 18 U.S.C. § 3553(a) to determine whether the sentencing range is appropriate. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). In reviewing the sentence applied by the district court, we must first review the sentence for any

> significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Id.* at 51. Then, if we find no significant procedural error, the "substantive appellate review in sentencing cases is narrow and deferential." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

McGrew contends that the district court committed a significant procedural error by improperly determining his Guidelines sentencing range. We review a district court's application of the Guidelines de novo. *Beckman*, 787 F.3d at 494. It is well established in the Eighth Circuit, however, that a Guidelines calculation error is harmless if it "did not substantially influence the outcome of the sentencing proceeding." *United States v. Henson*, 550 F.3d 739, 741 (8th Cir. 2008); *see also United States v. Staples*, 410 F.3d 484, 492 (8th Cir. 2005) ("An error is harmless if it is clear from the record that the district court would have given the defendant the same sentence regardless of which guidelines range applied."). As with all Guidelines deviations, we look to whether the district court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

At the outset, we recognize that an improperly determined Guidelines range can create a significant procedural defect in a defendant's sentence. *See Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013) ("[W]hen a Guidelines range moves up or down, offenders' sentences move with it."). In the majority of cases, the Guidelines act as both the starting point and the lodestar for determining the appropriate sentence. *Molina–Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016). The Supreme Court has recognized, however, that "[t]he record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* In cases in which the sentencing court—taking into account the particular circumstances of the case—applies the maximum statutory penalty for an offense irrespective of the Guidelines and explains its reasoning for doing so, any possible

sentencing range miscalculation is harmless. *See United States v. Waller*, 689 F.3d 947, 958 (8th Cir. 2012) (per curiam).

In *Waller*, the defendant pleaded guilty to knowingly transmitting a threat to injure another person, an offense with a maximum penalty of 60 months' imprisonment. *Id.* at 950, 957. The defendant's PSR calculated a sentencing range of 6 to 12 months. *Id.* at 950. At sentencing, the court granted a two-level enhancement under U.S.S.G. § 3A1.1(b)(1) because the offense included a vulnerable victim, resulting in a new range of 10 to 16 months' imprisonment. *Id.* at 956. During the hearing, the district court also heard extensive testimony regarding the threats that the defendant had made to his missing wife. *Id.* at 951–55. Finding the threat at issue "inextricably intertwined" with a history of threatening behavior, the court ordered the statutory maximum of 60 months' imprisonment. *Id.* at 956–57. The court further stated "that it would have imposed the same 60-month sentence regardless of whether the two-level enhancement applied." *Id.* at 957. On review, we held that even assuming procedural had occurred in applying the enhancement, "we need not determine whether the district court procedurally erred . . . because any such error would be harmless." *Id.* at 958.

*Waller*'s reasoning applies here. Although McGrew pleaded guilty to one count of possessing a firearm, the district court found that the evidence surrounding this single charge compelled a more serious penalty. McGrew's Facebook page had multiple photos of him smoking marijuana and brandishing firearms. His message history included numerous references to gang membership, selling weapons, and other illegal activity. The government introduced an AK-47 assault rifle connected to McGrew during pretrial release. As the district court stated, "This is not the offense in its most basic form. It's the offense in a very aggravated form, . . . because of the multiple weapons, the gang-related nature of it and his status as an arms dealer . . . ." The district court stated that it would have given McGrew the maximum penalty "regardless of how any of the guideline issues were resolved in this case."

McGrew relies on *United States v. Bah*, 439 F.3d 423 (8th Cir. 2006), for the proposition that the district court cannot immunize a Guidelines range miscalculation with a blanket statement that it would have chosen a certain sentence regardless of the calculated range. McGrew's proposition is true but inapplicable. In *Bah*, the district court improperly applied a sentencing enhancement pursuant to U.S.S.G. § 2L2.1 to the defendant's Guidelines range, resulting in a total offense level of 12. *Id.* at 426. Because the defendant's PSR also provided an offense level of 12 using a different Guideline provision, the government argued that the district court's improper Guidelines calculation was harmless. *Id.* at 430. We disagreed, noting that to rely on an alternative method of calculating the Guidelines range, the sentencing court would still have to provide reasoning for this alternative application at the time of sentencing. *Id.* at 431–32. Even though the district court expressly stated that it would have applied the same sentence regardless of the range applied, we stated: "We have yet to apply such a harmless error rule where the sentencing court pronounced a blanket identical alternative sentence to cover any potential guidelines calculation error asserted on appeal without also basing that sentence on an alternative guidelines calculation." *Id.* at 431. *Bah* comports with the guiding principle that the sentencing court needs to provide enough reasoning for "meaningful appellate review" of the sentence applied. *Gall*, 552 U.S. at 50.

A sentencing court that grounds its sentence upon a statutory maximum penalty based on the unique facts of the defendant's case provides this court with an objective basis for the chosen sentence apart from the applicable Guidelines range. *Accord United States v. Goodyke*, 639 F.3d 869, 876 (8th Cir. 2011) ("[I]t appears from the record that regardless of the Guidelines range and the recommendations of the parties, seventy-five months was the sentence that the district court was going to impose."). This does not eliminate the requirement of the sentencing court to make proper Guidelines determinations and to follow proper procedures. *United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005) ("[T]he court should be careful to identify

potential applicable ranges, the reason why a specific range is not being selected, and other § 3553(a) factors that predominate."). Nevertheless, when a sentencing court adequately justifies setting a defendant's sentence based on the maximum statutory penalty, quibbles about the application of Guidelines enhancements or departures become moot.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____