# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2414

_____

United States of America

*Plaintiff - Appellee*

v.

Chrishawn Lloyd Stuckey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 14, 2018
Filed: June 28, 2018
[Unpublished]

_____

Before SHEPHERD, MELLOY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Chrishawn Stuckey pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Stuckey appeals his sentence, asserting the district

court[1] committed procedural error in applying a sentencing enhancement set forth in the U.S. Sentencing Guidelines Manual (USSG).  We affirm.

On September 16, 2016, Cedar Rapids, Iowa police officers responded to a call at a convenience store.  The caller reported that a black male had entered the store, showed her a handgun in his waistband, and stated that he would not shoot her because she was being decent to him.  The caller reported that the individual appeared to be very intoxicated, and she provided a description of his clothing.  Shortly after responding to the call, officers observed Stuckey, who matched the description given by the caller, standing on the street.  Officers approached Stuckey and found that he had the smell of an alcoholic beverage on his breath, his speech was slurred, and he had bloodshot and watery eyes.  A loaded .45 caliber handgun was in Stuckey's waistband.  He was arrested for public intoxication and subsequently tested positive for marijuana and cocaine.  Stuckey was later indicted for one count of being a felon in possession of a firearm.

The U.S. Probation Office prepared a presentence report (PSR) that calculated a base offense level of 14 and recommended a four-level upward adjustment under USSG § 2K2.1(b)(6)(B) for Stuckey's possession of a firearm in connection with another felony offense, namely the Iowa felony offense of carrying weapons in violation of  Iowa Code § 724.4(1).  After applying this adjustment and others not in dispute in this appeal, the PSR determined that Stuckey's total offense level was 15, his criminal history category was III, and his advisory sentencing range was 24 to 30 months.

The district court overruled Stuckey's objection to the sentencing enhancement under USSG § 2K2.1(b)(6)(B) and sentenced him to 30 months imprisonment.  In this

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

appeal, Stuckey asserts that application of the enhancement set forth in USSG § 2K2.1(b)(6)(B) amounts to impermissible double counting because a violation of 18 U.S.C. § 922(g) always constitutes a violation of Iowa Code § 724.4(1). This identical argument was asserted and rejected in United States v. Walker:

> Iowa Code § 724.4(1), unlike 18 U.S.C. § 922(g), requires proof that the defendant went armed "with a dangerous weapon *concealed on or about the person*," or went armed with a handgun "*within the limits of any city*," or "*knowingly* carrie[d] or transport[ed] [a handgun] *in a vehicle*."

771 F.3d 449, 453 (8th Cir. 2014) (alterations in original). Bound by Walker, we reject this argument.

Next, Stuckey argues that Walker should be re-examined. As only the en banc court may overrule a panel opinion, this claim also fails. United States v. ANWAR, 880 F.3d 958, 971 (8th Cir. 2018) ("Only the en banc court has [the] authority to overrule a prior panel opinion, whether in the same case or in a different case." (alteration in original) (internal quotation marks omitted)).

Finally, Stuckey attempts to factually distinguish Walker by pointing out that he carried his handgun in his waistband while standing on a street corner, unlike the defendant in Walker who carried or transported a handgun in his vehicle. Stuckey does not explain why this factual distinction is significant, and we find that it is not because a violation of § 922(g) does not require proof of either of these factual scenarios. See 18 U.S.C. § 922(g); Walker, 771 F.3d at 453.

The judgment of the district court is affirmed.

GRASZ, Circuit Judge, with whom MELLOY, Circuit Judge, joins, concurring.

I agree we are bound by *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014). I write separately because I believe *Walker* was incorrectly decided. As expressed by Judge Melloy and Judge Bye in prior cases dealing with this issue, "because 18 U.S.C. § 922(g)(1) and Iowa Code § 724.4(1) require essentially the same conduct, applying a sentencing enhancement based on the Iowa offense constitutes impermissible double-counting." *United States v. Boots*, 816 F.3d 971, 976 (8th Cir. 2016) (Melloy, J., concurring) (citing *United States v. Sanford*, 813 F.3d 708, 714-17 (8th Cir. 2016) (Bye, J., concurring)).

I recognize the Iowa law technically has additional elements beyond the federal offense. *See United States v. Maldonado*, 864 F.3d 893, 901-02 (8th Cir. 2017) (explaining that in addition to possessing the firearm, the Iowa law requires that the defendant conceal the weapon, or be armed with a handgun within city limits, or knowingly carry or transport a handgun in a vehicle), *cert. denied*, 138 S. Ct. 702 (2018). Yet, the reality is that most felons in possession of a firearm will inevitably violate one of those requirements. Here, for example, Stuckey violated Iowa's law because he possessed a firearm within the city limits of Cedar Rapids.

In my view, the sentence enhancement set forth in USSG § 2K2.1(b)(6)(B) should not be available in circumstances such as this, where Stuckey's act of possessing the firearm in violation of federal law is inextricably entwined with his act of possessing a firearm within city limits in violation of Iowa law. Increasing Stuckey's sentence "because he was present in a city rather than in the country . . . does not further the purpose of the 'other felony' enhancement, and I find it hard to believe the Sentencing Commission would have intended such a result either." *Sanford*, 813 F.3d at 718 (Bye, J., concurring).

I would urge the Court, sitting en banc, to reconsider the holding in *Walker*.

_____