# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3473

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Strom

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: August 1, 2019
Filed: August 6, 2019
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jeremy Strom directly appeals the below-Guidelines sentence the district court[1] imposed after he pled guilty to a drug offense and witness tampering. His counsel has

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

moved for leave to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that Strom was erroneously classified as a career offender based in part on his prior conviction for Iowa assault with a dangerous weapon. Counsel also suggests that Strom's sentence is substantively unreasonable.

First, we conclude that Strom was not erroneously classified as a career offender, in light of <u>United States v. McGee</u>, 890 F.3d 730 (8th Cir. 2018) (Iowa assault while displaying dangerous weapon under Iowa Code Ann. §§ 708.1 and 708.2(3) is crime of violence). Next, we conclude that Strom's sentence is not substantively unreasonable, as it was below the calculated Guidelines range, and there is no indication that the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing appropriate factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (discussing substantive reasonableness).

Having reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no non-frivolous issues for this panel's consideration. We therefore affirm, and counsel's motion for leave to withdraw is granted.

_____