# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3382

_____

United States of America

*Plaintiff - Appellee*

v.

Peggy Jean Worthington

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 23, 2019
Filed: December 9, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and BEAM, Circuit Judges

_____

PER CURIAM

Peggy Jean Worthington pleaded guilty to one count of possession with intent to distribute 500 grams or more of a mixture containing methamphetamine in

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court[1] determined that Worthington qualified as a career offender under § 4B1.1(a)(3) of the U.S. Sentencing Guidelines ("Guidelines"), because she had one prior felony conviction of a crime of violence and one prior felony conviction of a controlled substance offense. As a career offender, Worthington's advisory Guidelines range sentence was 262 to 327 months' imprisonment. The district court departed downward under Guidelines § 5K1.1 on the basis of Worthington's substantial assistance, varied downward on the basis of the sentencing factors set forth in 18 U.S.C. § 3553(a), and sentenced Worthington to 140 months' imprisonment. Worthington appeals, arguing that her 2014 Iowa conviction for assault while displaying a dangerous weapon in violation of Iowa Code § 708.2(3) does not qualify as a crime of violence under Guidelines § 4B1.2(a).

Worthington's argument is foreclosed by our precedent. In United States v. McGee, we held that assault while displaying a dangerous weapon in violation of Iowa Code § 708.2(3) categorically qualified as a crime of violence under Guidelines § 4B1.2(a)(1). 890 F.3d 730, 736-37 (8th Cir. 2018). Section 4B1.2(a)(1) defines "crime of violence" to include any felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." The offense of conviction requires "us[ing] or display[ing] a dangerous weapon" in committing assault, see Iowa Code § 708.2(3), and assault is defined to include "intentionally point[ing] any firearm toward another, or display[ing] in a threatening manner any dangerous weapon toward another," see Iowa Code § 708.1. Accordingly, we concluded that the Iowa offense of assault while displaying a dangerous weapon had as an element the "threatened use of physical force against the person of another," § 4B1.2(a)(1), because "displaying an operational weapon before another in an angry or threatening manner qualifies as a threatened use of

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

physical force," 890 F.3d at 736-37 (quoting <u>United States v. Pulliam</u>, 566 F.3d 784, 788 (8th Cir. 2009)). <u>McGee</u> applies here, and the district court thus did not err in applying the career offender enhancement.

Moreover, the district court stated that it would have imposed the same sentence, even if the Iowa offense did not constitute a crime of violence. The district court exercised great care in weighing the § 3553(a) sentencing factors when imposing Worthington's sentence. Any error in determining that Worthington was a career offender under Guidelines § 4B1.1 thus would be harmless. <u>See</u> <u>United States v. Dace</u>, 842 F.3d 1067, 1069 (8th Cir. 2016) (per curiam) ("[W]hen a district court's detailed explanation for the sentence imposed makes 'clear that the judge based the sentence he or she selected on factors independent of the Guidelines,' the error may be harmless." (quoting <u>Molina-Martinez v. United States</u>, 136 S.Ct. 1338, 1347 (2016))) .

The judgment is affirmed.

_____