# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-2471

_____

United States of America

*Plaintiff - Appellee*

v.

Justin Harold Love

*Defendant - Appellant*

_____

No. 20-3138

_____

United States of America

*Plaintiff - Appellee*

v.

Norris Davison

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Eastern

_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Justin Love and Norris Davison pleaded guilty to conspiring to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and Davison pleaded guilty to distributing methamphetamine as well. *See id.* § 841(a)(1), (b)(1)(A). Both appeal from the sentence that the district court[1] imposed. We affirm.

In calculating Love's Guidelines sentencing range, a presentence investigation report recommended that the district court apply a two-level enhancement under USSG § 2D1.1(b)(12) for maintaining a drug premises and a three-level enhancement under USSG § 3B1.1(b) for being a manager or supervisor in the conspiracy. The district court overruled Love's objections to these enhancements and determined that his Guidelines range was 168–210 months' imprisonment. Without the enhancements, Love's Guidelines range would have been 97–121 months' imprisonment, though he faced a statutory minimum of 120 months. *See* 21 U.S.C. § 841(b)(1)(A). The district court varied down from the Guidelines range and sentenced Love to 130 months in prison.

Love maintains that the district court erroneously applied the two enhancements. We need not decide whether Love is correct because, even if he is, any error was harmless. In arriving at its sentence, the district court reviewed the

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentencing considerations found in 18 U.S.C. § 3553(a). After pronouncing sentence, the court stated that it was "the same sentence that I would have imposed regardless of how the sentencing guideline issues were resolved" because it was "looking to the conduct and using that conduct to inform a sentence both giving respect to the guidelines and making sure that the guidelines don't overrepresent the seriousness of the criminal behavior." So the court made it abundantly plain that the sentence was based on matters independent of the Guidelines. "We have repeatedly held that an error in applying the guidelines is harmless if the district court in explaining the sentence 'makes clear that the judge based the sentence . . . on factors independent of the Guidelines.'" *United States v. Williams*, 968 F.3d 907, 912 (8th Cir. 2020) (quoting *United States v. McGee*, 890 F.3d 730, 737 (8th Cir. 2018)).

Turning to Davison's appeal, the district court determined that his Guidelines range was 188–235 months' imprisonment and sentenced him to 188 months. Davison contends that the district court "simply believe[d]" that the Guidelines were reasonable and failed to exercise its discretion independent of them, which amounted to an abuse of discretion. After reviewing the transcript of the sentencing hearing ourselves, we disagree. The district court expressly recognized that, though the Sentencing Guidelines were important, they were "not in any way controlling." It also considered many of the § 3553(a) considerations including the seriousness of Davison's offense and his personal history. Of course, the court need not mechanically recite each of these considerations, *see United States v. Vera-Gutierrez*, 964 F.3d 733, 738 (8th Cir. 2020), but to remove any doubt the court noted that it had considered each of them. The court simply determined, based on its consideration of § 3553(a), that Davison's case was a typical one for which a sentence within the Guidelines range was appropriate. We see no abuse of discretion here.

Affirmed.

_____