# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2750
_____

United States of America

*Plaintiff - Appellee*

v.

Cyrano R. Irons

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 14, 2022
Filed: March 23, 2022
[Unpublished]
_____

Before BENTON, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

Cyrano Irons, who pleaded guilty to a firearm offense, challenges the criminal-history score assigned at sentencing. Over Irons's objection, the district court[1] added two points for a pair of armed-criminal-action convictions. *See* Mo. Rev. Stat. § 571.015. We affirm.

---

[1]The Honorable David G. Kays, United States District Judge for the Western District of Missouri.

Even if we assume that the district court made a mistake in counting those two offenses, any error was harmless. *See United States v. Woods*, 670 F.3d 883, 886 (8th Cir. 2012) (explaining that a computational error is "harmless" if it "did not substantially influence the outcome of the sentencing proceeding" (quotation marks omitted)). At the sentencing hearing, the court explained that "notwithstanding any of these . . . calculations, if [Irons] had won every one of the [objections] advanced, [it] would [have] come out in the same place because of 18 U.S.C. [§] 3553(a)," meaning that Irons's sentence was based on the statutory sentencing factors rather than the allegedly erroneous criminal-history calculation. This is as clear a statement as any that Irons would have received the same sentence "regardless of which [criminal-history score] applied." *United States v. Staples*, 410 F.3d 484, 492 (8th Cir. 2005); *see United States v. McGee*, 890 F.3d 730, 737 (8th Cir. 2018) (holding that a similar error was harmless).

We accordingly affirm the judgment of the district court.

_____